# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL O. LIVINGSTONE, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 21-CV-0250 |
| : | |
| U-HAUL INTERNATIONAL, INC., : | |
| *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM

**SLOMSKY, J.**                                                                                           **JUNE 4, 2021**

This matter comes before the Court by way of a Complaint (ECF No. 2), brought by Plaintiff Michael O. Livingstone, proceeding *pro se*. Also before the Court is Livingstone's "Expedited Motion to Compel this Court to Process the Delayed Complaint this Week[.]" (ECF No. 7). By Order dated April 1, 2021, the Court previously determined that Livingstone was not able to afford to pay the filing fee in this action and granted him leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 6.) At that time, the Court noted that the Complaint would be screened in due course pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court has now conducted the required screening and, for the following reasons, Livingstone's federal claims will be dismissed failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and his state law claims will be dismissed for lack of jurisdiction without prejudice to Livingstone's right to proceed in the appropriate state court.

I.  **FACTUAL ALLEGATIONS**[1]

Livingstone, a "graduate student and a candidate for Master of Business Administration (MBA) degree at DeVry University and its Keller Graduate School of Management[,]" asserts claims arising from his rental of a storage unit at a U-Haul storage facility located at 7750 Roosevelt Boulevard, Philadelphia, Pennsylvania beginning in October of 2019. (ECF No. 2 at 2, 4.)[2] Livingstone names the following Defendants: (1) U-Haul International, Inc.; (2) U-Haul Company of Pennsylvania, Inc.; (3) Repwest Insurance Company, the "insurance company for [D]efendant U-Haul"; (4) Mohammed Mohiuddin, the General Manager of the U-Haul storage facility on Roosevelt Boulevard; and (5) Joshua Buzi, a claims adjuster at Repwest Insurance Company. (*Id.* at 2-3.)

Livingstone alleges he first rented a storage unit at the U-Haul storage facility on Roosevelt Boulevard (hereinafter, "the Roosevelt U-Haul facility" or "RUHF") from July 2018 through December 2018. (*Id.* at 4.) It appears that this initial rental occurred without incident. Approximately a year later, in October of 2019, Livingstone alleges that he "returned to rent another storage unit" at RUHF. (*Id.*) The storage unit that Livingstone rented the second time was 10' x 15' x 10' in size and the rent was $204.95 per month. (*Id.*) At the time the rental commenced, Livingstone could access his storage unit during normal business hours from 8:00 am to 7:00 pm. (*Id.*) Livingstone alleges that as part of "the contracting" for the storage unit lease, "U-Haul [further] agreed to make the storage [unit] accessible to [Livingstone] with" after-

---

[1] The facts set forth in this Memorandum are taken from Livingstone's Complaint (ECF No. 2).

[2] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

2

hours access from 5:00 am to 7:00 am and from 7:00 pm to 10:00 pm such that Livingstone could access his unit between 5:00 am and 10:00 pm. (*Id.*)

Livingstone alleges that on January 11, 2020, without any evidence, Defendant Mohiuddin "accused" him of "sleeping in the storage unit[.]" (*Id.*) Livingstone denied Mohiuddin's allegations regarding sleeping in the storage unit, and demanded that Mohiuddin "should produce the camera evidence" from a series of cameras and video surveillance that monitored the external portion of the storage unit. (*Id.* at 4-5.) After Mohiuddin failed to produce any such evidence, Livingstone requested that Mohiuddin preserve that evidence and announced his intention to sue in court. (*Id.*) Mohiuddin thereafter revoked Livingstone's after-hours access leaving Livingstone with access to his storage unit only during normal business hours.[3] (*Id.* at 5.) Livingstone also alleges that Mohiuddin "asked the local facility cleaners to stalk [Livingstone] by pretending as if they [were] cleaning the external area of [Livingstone's] storage unit area whenever [Livingstone] opened his storage unit." (*Id.*) Livingstone further claims that the following day, on January 12, 2020, he observed a "secret camera" in his storage unit which he alleges was installed "without his permission" and "without [his] knowledge" by "Mohiuddin and U-Haul[.]" (*Id.*)

Approximately a month later, in February of 2020, Livingstone separately claims that a "mice infestation at the storage unit destroyed" some of his personal items "including expensive textbooks worth over $1,800." (*Id.*) Livingstone filed an insurance "claim to defendant Repwest Insurance Company," that was processed by Defendant Buzi, seeking reimbursement for the damaged textbooks. (*Id.*) Defendant Buzi informed Livingstone that, based on his purchase of

---

[3] Related to the revocation of his after-hours access, Livingstone also seeks to recoup half of the money he paid in rent on the storage unit as a result of the limited hours he could access the unit. (*Id.* at 9.)

3

"Safestor 1k on the [storage] unit[,]" the damages he could recoup were limited to $1,000. (*Id.*) Livingstone claims that "$1000 is not enough because he also got sick from the mice infestation" and Defendants did not compensate him for that. Livingstone seeks $20 million in damages, restoration of his right to access the unit after hours, and repayment of rental fee increases from August 2020 onward.

## II. STANDARD OF REVIEW

The Court previously granted Livingstone leave to proceed *in forma pauperis* because it appeared that he was incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Livingstone is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Federal Question Claims

Livingstone's Complaint does not site a specific statute under which he seeks relief. Rather, Count I of the Complaint purportedly asserts a claim for "Invasion of Privacy" brought pursuant to "Federal Law" allegedly based on the installation of a "secret camera" inside Livingstone's "private rented storage unit without [his] knowledge." (ECF No. 2 at 6.)

4

Livingstone contends that "[b]y accessing [his] rented storage unit in [his] absence and without [his] permission, . . . defendants . . . invaded into his private rented space and for that matter, . . . [his] private life." (*Id.*) Livingstone's Complaint asserts this claim only as to Defendants U-Haul International, Inc., U-Haul Company of Pennsylvania, Inc., and Mohammed Mohiuddin.

Construing his Complaint liberally, Livingstone's claim for invasion of privacy under federal law is best understood as a constitutional claim against the Defendants.[4] Specifically, it appears that Livingstone seeks to challenge Defendants' entry into his rented storage unit and installation of a secret camera without his permission or knowledge. The vehicle by which such claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).

Based on the allegations of the Complaint, it appears that these Defendants – a private self-storage corporation and its employee – are not subject to liability under § 1983. Pursuant to § 1983, action under color of state law requires that the one liable under that statute have

---

[4] Generally, the Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "To search a person's home and belongings, police officers ordinarily must first seek a warrant based on probable cause supported by oath or affirmation. Warrantless searches are presumptively unreasonable under the Fourth Amendment." *Parkhurst v. Trapp*, 77 F.3d 707, 711 (3d Cir. 1996).

5

exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011)); *see also United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (noting that the protection afforded by the Fourth Amendment proscribes "only governmental action; it is wholly inapplicable 'to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official.'").

Livingstone's Complaint does not allege sufficient facts to support an inference that there is a "close nexus" between the private behavior of these Defendants and the state such that the challenged action here can fairly be treated as that of the state. *Leshko*, 423 F.3d at 339. Nothing in the Complaint alleges that the Defendants are state actors. Beyond alleging their titles and the nature of the employee's conduct, Livingstone does not allege these Defendants had any connection to a state, county, or local governmental entity. None of Livingstone's allegations suggest that the Defendants are anything other than a privately run self-storage corporation and its employee. In sum, none of his allegations support the notion that their conduct constitutes state action under § 1983. Accordingly, the Complaint fails to allege sufficient facts to state a plausible claim of state action on the part of these Defendants. There is also no other suggestion of a source for federal question jurisdiction over any of Livingston's claims. Accordingly, Livingstone's federal law claims against the Defendants will be dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim. Since any attempt to amend would be futile, no leave will be granted to file an amended complaint. *See, e.g.*, *Sobayo v. Pub. Storage*, Civ. A. No. 13-01804, 2013 WL 3889987, at *2 (N.D. Cal. July 26, 2013) (concluding that the plaintiff failed to state a Fourth Amendment claim against Public Storage because there were "no

allegations . . . that Public Storage [was] a government agency, or acting at the direction of one" and denying amendment as futile finding that "it [was] entirely implausible that a private self-storage company was acting under the control of any governmental agency when it apparently refused to allow plaintiff to access his property because of unpaid rent.").

B.  **State Law Claims**

Liberally construing the Complaint, it is also possible that Livingstone intended to bring several tort claims under Pennsylvania state law related to these incidents. The Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over such claims, having dismissed Livingstone's federal claim. Accordingly, the only independent basis for jurisdiction over such claims is 28 U.S.C. § 1332, which states that a district court can exercise subject-matter jurisdiction over a case a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business. . . . And a partnership, as an unincorporated entity, takes on the citizenship of each of its partners." *Zambelli*, 592 F.3d at 419 (citations omitted). "The burden of establishing

federal jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

Livingstone does not adequately allege the citizenship of any of the parties here. Initially, he fails to allege his own citizenship, noting only that he is a citizen of the United States with a physical address in New Jersey and mailing address in Pennsylvania. (ECF No. 2 at 2.) Livingstone alleges that U-Haul International, Inc. is a corporation that "was created and exists under the Laws of Nevada and maintains its corporate headquarters" in Arizona. (*Id.*) He further alleges that U-Haul of Pennsylvania, Inc. is a corporation which "was created and exists under the Laws of Delaware and maintains an office" in Pennsylvania. (*Id.*) With respect to Repwest Insurance Company and Defendant Buzi, Livingstone pleads only that these Defendants "maintain[] an address" in Phoenix, Arizona. (*Id.* at 3.) As to Defendant Mohiuddin, Livingstone alleges that this Defendant is sued in his "official capacity" as the General Manager of the RUHF and "maintains an address" at the U-Haul facility on Roosevelt Boulevard in Philadelphia, Pennsylvania. (*Id.*)

None of these allegations are sufficient to plead the citizenship of the parties. Accordingly, Livingstone has not sufficiently alleged diversity for purposes of establishing the Court's jurisdiction over the state law claims he intends to pursue. Thus, all state law claims will be dismissed for lack of subject matter jurisdiction without prejudice to Livingstone's right to assert these claims in an appropriate state court.

## IV. CONCLUSION

For the foregoing reasons, Livingstone's federal claim will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) with no leave granted to amend because amendment of those claims would be futile. The state claims will be dismissed for lack of subject matter jurisdiction. The

dismissal of the state law claims is without prejudice to Livingstone seeking to raise those claims in an appropriate state court. Livingstone's "Expedited Motion to Compel this Court to Process the Delayed Complaint this Week" (ECF No. 7) will be denied as moot in light of this Memorandum screening the Complaint. An appropriate Order follows.

**BY THE COURT:**

/s/Joel H. Slomsky, J.
**JOEL H. SLOMSKY, J.**